IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JACKIE D. SEYMORE #411539, | ) |
| | ) |
| Petitioner, | ) No. 3:16-cv-01963 |
| | ) |
| v. | ) JUDGE TRAUGER |
| | ) |
| MICHAEL W. PARRIS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on the respondent's motion to dismiss the habeas petition as untimely, filed along with a memorandum in support. (ECF Nos. 20, 21.) The petitioner has submitted a letter (ECF No. 22) regarding the timeliness of his petition, which the court deems to be his response to the respondent's motion.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year limitations period for habeas petitions brought by prisoners challenging state-court convictions. 28 U.S.C. § 2244(d). Under this provision, the limitations period runs from the latest of four enumerated events:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the period is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

According to the respondent, the trial court entered amended judgments of conviction against the petitioner on June 27, 2011, but the petitioner did not seek direct appeal until May 10, 2012, when he also filed his state petition for post-conviction relief. (ECF No. 21, at 2; ECF No. 19-1, at 24.) At that point, the trial court granted permission to take a delayed direct appeal, finding that the failure to file a timely appeal was due to attorney oversight. (ECF No. 21, at 2; ECF No. 19-1, at 23.) The petitioner then proceeded to exhaust his direct appeal on the merits. *See State v. Seymore*, No. M2012-01109-CCA-R3-CD, 2013 WL 772917, at *3 (Tenn. Ct. Crim. App. Jan. 16, 2013), *perm. app. denied* (Tenn. May 7, 2013). At the conclusion of his direct appeal proceedings, the petitioner expeditiously proceeded with his already-pending post-conviction action, which had simply been held in abeyance for the direct appeal. (ECF No. 19-12, at 8.) The trial court denied post-conviction relief, and the Tennessee Court of Criminal Appeals (TCCA) affirmed on June 2, 2015. *See Seymore v. State*, No. M2014-00895-CCA-R3-PC, 2015 WL 3466544 (Tenn. Ct. Crim. App. June 2, 2015).

The respondent argues that because the petitioner did not originally appeal the trial court's judgment within the 30 days provided by state rule, his convictions became final on July 27, 2011, for the purpose of triggering the 1-year limitations period under 28 U.S.C. § 2244(d)(1)(A). (ECF No. 21, at 2, 4.) Therefore, according to the respondent, 288 days of the limitations period elapsed before the petitioner filed his post-conviction petition with delayed appeal on May 10, 2012, leaving only 77 days after the conclusion of those proceedings within which to file his federal habeas petition. (ECF No. 21, at 4.) The respondent states that the limitations period began to run again on August 1, 2015, 60 days after the TCCA affirmed denial of post-conviction relief,[1] and calculates that the petitioner's limitations period expired on

---

[1] Although he does not explain the selection of that date, the court presumes it is because Rule 11(b) of the Tennessee Rules of Appellate Procedure gave the petitioner 60 days to petition the Tennessee Supreme Court for permission to appeal. The law on this point is not entirely clear in this circuit, but the current weight of authority indicates that the AEDPA limitations period is indeed tolled during that appeal window, even though the petitioner did not file such a petition. *See Holbrook v. Curtin*, 833 F.3d 612, 618 (6th Cir. Aug. 15, 2016), *reh'g en banc denied* (Oct. 26, 2016) (stating in dicta that a petitioner would be

October 17, 2015. (ECF No. 21, at 4.) The petitioner filed his habeas petition by placing it in the prison mailing system on July 13, 2016. (ECF No. 1, at 16.)

The respondent's primary premise – that the petitioner's conviction was "final" for AEDPA's purposes 30 days after entry of judgment – appears to be contrary to Supreme Court precedent. In 2009, the court reversed the dismissal of a federal habeas petition as untimely where the district court refused to consider the state courts' delayed reopening of direct appeal proceedings in determining when the petitioner's judgment was final:

> We hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A). In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.

*Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009) (quoting § 2244(d)). The state courts in the present case permitted the petitioner to pursue a direct appeal while his post-conviction petition was pending. According to *Jimenez*, therefore, his conviction was not final for the purpose of assessing the timeliness of his habeas petition until the conclusion of that direct review. Specifically, the petitioner's conviction was final on Monday, August 5, 2013, upon the expiration of the 90 days in which he could have petitioned the United States Supreme Court for a writ of certiorari following the Tennessee Supreme Court's May 7, 2013 denial of review on direct

---

entitled to tolling during appeal window if he had not appealed); and *Martin v. Wilson*, 110 F. App'x 488 (6th Cir. 2004) (observing that the petitioner had 30 days to appeal the denial of post-conviction relief and that "the petition is still 'pending' for purposes of § 2244(d)(2) during this appeal period"); *but see Scarber v. Palmer*, 808 F.3d 1093, 1096 (6th Cir. Dec. 22, 2015), *reh'g en banc denied* (Jan. 29, 2016), *cert. denied* (Oct. 3, 2016) (holding that petitioner was not entitled to tolling during period in which he could have sought reconsideration and stating in dicta that "[r]eview of Scarber's post-conviction motion ended when the Michigan Supreme Court issued a final order denying his application for leave to appeal – but only because he had appealed the intermediate court's earlier final order" (emphasis added)); and *Quatrine v. Berghuis*, No. 14-1323, 2016 WL 1457878, at *2 (6th Cir. Apr. 12, 2016), *petition for cert. filed* (U.S. Nov. 3, 2016) (No. 16-6723) ("This case hinges on the issue certified by this court—whether the statute of limitations is statutorily tolled for the time during which Quatrine could have appealed the denial of his post-conviction motions for relief from judgment, but did not. The answer is no.").

.

appeal. *See Jimenez*, 555 U.S. at 119–120 (holding that state convictions are final under § 2244(d)(1)(A) when Supreme Court certiorari is exhausted or when the time for filing a certiorari petition expires).

Because the petitioner's post-conviction action was already pending on the date his convictions became final, his habeas limitations period was immediately tolled for the rest of the time that post-conviction action remained "pending," pursuant to 28 U.S.C. § 2244(d)(2). The TCCA affirmed denial of post-conviction relief on June 2, 2015, and the respondent acknowledges that the tolling period was lifted and the limitations period began to run 60 days later, on August 1, 2015. (ECF No. 21, at 4.) Pursuant to *Jimenez*, that day marked the beginning of the petitioner's one-year limitations period. The petition filed on July 13, 2016, is therefore timely filed.

Accordingly, the respondent's motion (ECF No. 20) is **DENIED**. The respondent **SHALL** file a response to the petition within **21 days** of the date of entry of this order.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge